*[handwritten margin notes: "92-xx", "New Case", "Emergency Injunction Violation of court order"]*

4:23-cv-00208-BRW-ERE

**STATE OF ARKANSAS**
**COUNTY OF JEFFERSON**                **AFFIDAVIT**

I, **Michael Johnson**, after first being duly sworn, do hereby swear, depose and state that:

Sir, I'm asking for Emergency Injunction, because case # 4:21-cv-00488-LRR-ERE was "closed" due to enemy alerts and "Aryans". After Warden Shipman of Maximum Security Unit told you on a "Sworn Declaration" while housed at Maximum Security Unit no Enemy would be placed around me while housed here. One (1) of my Enemy Alerts is in the Barracks with me right now and have been for atleast 8 to 18 days and still is, Mr. K. Barnes #BK50, 51 cell? This is deliberate indifference to my Health & Safety by Mr. James Shipman after on a Sworn Declaration saying this would never happen and by Dexter Payne the Director Documents 169-0, 169-1, 169-2, 169-3 and all three Mr. Shipmans Declarations says this will never happen. I'm in fear of my life, please allow me time to exhaust remedies for violating Mr. Shipman & Payne violating there on Declaration? Help?

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

3-7-23                                                     *Michael A. Johnson*
DATE                                                       AFFIANT

Subscribed and sworn to before me on this ___ day of _____ 20___:

                                                           NOTARY PUBLIC

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 16 2023

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

                    MY COMMISSION EXPIRES:
                    _____

This case assigned to District Judge **Wilson**
and to Magistrate Judge **Ervin**

STATE OF ARKANSAS
COUNTY OF JEFFERSON          **AFFIDAVIT**

I, Michael Johnson, after first being duly sworn, do hereby swear, depose and state that:

A violation of ADC Policy 169-4 Per Director offender seperation? I Request protective custody until I can exhaust or permission to by pass exhaustion for violation Sworn Declaration by James Shipman saying this would never happen Never suppose to happen? Barnes is My Barracks housed with me violating offender seperation policy + court order by you- And Mr. Shipman violated his Sworn Declaration and Director Payne look at EOMIS Database?

Help

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

3-7-03
DATE                                               Michael Johnson
                                                   AFFIANT

Subscribed and sworn to before me on this ___ day of _____ 20 ___:
                                                   NOTARY PUBLIC

                                                   MY COMMISSION EXPIRES:

Case 4:23-cv-00208-BRW  Document 1  Filed 03/16/23  Page 3 of 16
Case 4:21-cv-00488-LPR-ERE  Document 169-4  Filed 07/18/22  Page 2 of 3

AD 2022-13 Offender Separation                                    2 of 2

4. Once the Warden/Work Release Center Supervisor has reviewed the form, it will be forwarded to the Unit Records Supervisor's Office.

5. If an Offender Separation is warranted, after the 005 form and the Incident Packet is complete and approved by the Chief of Security, records personnel will be responsible for entering the Offender Separation in the electronic offender record for each inmate. The data entry must include the inmate's name, ADC number, and date the Offender Separation was issued.

B. Removal of Offender Separation

1. Offender Separation shall be removed following an investigation/review by the Chief of Security and signed affidavits which state that the conditions that led to the alert no longer exist, have been submitted by all inmates involved.

2. Offender Separation should be reviewed anytime an inmate goes before the classification committee and a change occurs in the inmate's living or work assignment. Consideration may be given to the type of housing involved and/or the supervision provided.

## III. ATTACHMENT:

Offender Separation Notification Form



# Arkansas Division of Correction

Attachment

## Offender Separation Notification Form

I recommend that Inmate _____, ADC #_____, and the following inmate(s) be placed on each other's offender separation list (attach additional names if necessary):

Inmate _____, ADC #_____
Inmate _____, ADC #_____
Inmate _____, ADC #_____
Inmate _____, ADC #_____

This action is a result of: _____
_____

The above listed inmates should not be housed, attend recreation functions, or work together without proper supervision.

_____      _____
Employee's Signature                Date

### Review by Chief of Security

Action Recommended:      Approve ☐      Disapprove ☐
Reasons: _____
_____

_____      _____
Chief of Security's Signature       Date

### Review by Warden/Work Release Center Supervisor

Concur ☐ Date: _____      Return for further consideration ☐ Date: _____

Comments: _____
_____

_____      _____
Warden/Work Release Center Supervisor's Signature      Date

Case: 4:21-cv-00488-LPR-ERE

MICHAEL ANDREW JOHNSON ADC#110504
MAXIMUM SECURITY UNIT
ARKANSAS DIVISION OF CORRECTION
2501 STATE FARM ROAD
TUCKER AR 72168-8713

------------------------------------------------------

Case 4:23-cv-00208-BRW   Document 1   Filed 03/16/23   Page 6 of 16
Case: 4:21-cv-00488-LPR-ERE   Document #: 127-0   Filed: 04/11/2022   Page 3 of 5
Case 4:21-cv-00488-LPR-ERE   Document 22   Filed 09/22/21   Page 3 of 9

Plaintiff's Motion for Emergency Injunction should be denied. First, there is no threat of irreparable harm because Johnson is housed at the MSU where he, and almost all of the inmates at the MSU, are in restrictive housing due to their security risk. Ex. "A," ¶¶ 3, 4. Johnson alleges, "[m]y life is not safe in Arkansas prisons. Can I get some help?" (Doc. No. 8); however, there is nothing to indicate that Johnson is exposed to a substantial risk of serious harm, or that Defendants acted with deliberate indifference to any risk.

While the Eighth Amendment does not require "comfortable prisons," it does require that prison officials "must 'take reasonable measures to guarantee the safety of the inmates ....'" *Farmer v. Brennan*, 511 U.S. 825, 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 527 (1984). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials" at a prison. *Farmer*, 511 U.S. at 834. Rather, the failure to protect an inmate only violates the constitution when prison officials act with "deliberate indifference." *Id.* A correctional official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates. *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000).

A failure-to-protect claim has objective and subjective components. The objective component is whether there was a substantial risk of harm to the prisoner from another prisoner, and the subjective component is whether the prison official was deliberately indifferent to that risk. *Curry*, 226 F.3d at 977; *Falls v. Nesbitt*, 966 F.2d 375, 378 (8th Cir. 1992). Thus, the issues in the present case are whether

suit in federal court against a state, a state agency, or state officials acting in their official capacity, unless the state has consented to suit or Congress has unambiguously abrogated the state's immunity. *See Alden v. Maine*, 527 U.S. 706 (1999). In addition, neither states nor state officials acting in their official capacities are "persons" within the meaning of 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Sovereign immunity deprives federal courts of jurisdiction over suits against states and their agencies, boards, commissions and other "alter egos" of the state, unless the state has waived its immunity or Congress has abrogated that immunity pursuant to a valid exercise of Congressional power. See *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Even if the state is not named as a defendant, if a judgment for the plaintiff will operate to control the action of the state or subject it to liability, the suit must be treated as one against the state. *Short v. Westark Cmty. Coll.*, 347 Ark. 497, 505, 65 S.W. 3d 440 (2002). The State of Arkansas and its agencies and officials have not consented to suit in federal court, *see Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991), and Congress did not abrogate the states' sovereign immunity when it enacted 42 U.S.C. § 1983. *Will*, 491 U.S. at 66-67.

The Arkansas Division of Correction (formerly the Arkansas Department of Correction) is a state agency. *See Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919 (2002). Similarly, the Arkansas Parole Board (of which Defendant Andy Shock is a member) is a state agency. *See* Ark. Code Ann. § 16-93-201, *et. seq.* Plaintiff's money

damage claims against the Defendants in their official capacities are in reality claims against the state itself and, as such, are barred by the doctrine of sovereign immunity.

Finally, Plaintiff's § 1983 damage claims against Defendants in their official capacities must be dismissed for failure to state a claim upon which relief can be granted. In this case, Defendants are not "persons" who may be sued under § 1983. In *Will, supra,* the Supreme Court held that states and state officials in their official capacities who are entitled to assert sovereign immunity as a bar to a § 1983 claim are also not "persons" amenable to suit under § 1983. "[S]tate officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different than a suit against the State itself. . . . We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id.*, 105 L.Ed.2d at 57-58. "Thus, the Court in *Will* tied the § 1983 definitional issue [of the term "person'] to the nature of the relief sought and the doctrine of sovereign immunity." Steinglass, *Section 1983 Litigation in State Courts*, Vol. 2, § 15.3(a), pp. 15-68 - 15-69 (1996). For the reasons outlined *supra*, the claims against Defendants are barred by sovereign immunity. Under *Will*, those same reasons require the Court to find that the Defendants are not "persons" that can be sued in their official capacities under § 1983.

### B. Johnson's failure to protect claims against the Defendants in their individual capacities are barred by qualified immunity.

Plaintiff's individual capacity claims should be dismissed based on qualified immunity. Qualified immunity protects government officials from liability for

4

Johnson is not housed in a barracks. He is in a single-man cell and has been since July 20, 2020. (*See* Doc. No. 22-1, ¶ 4). Thus, Johnson's claim that he had to "catch a disciplinary to get out of this barracks" is false and contrary to the record. *Id.* Warden Shipman notes in his Declaration that Johnson was found guilty of a disciplinary on September 11, 2021, for masturbating in plain view of an officer at his cell door, for which Johnson was placed in punitive housing. (Doc. No. 22-1, ¶ 8). Johnson suggests that he intentionally misbehaved so that he would be placed in a more protective environment. However, he has been in a single-man cell since he was transferred to the MSU and being placed in punitive housing does not afford him any greater protection than his normal restrictive housing assignment. *Id.*

Dexter Payne, the Director of the ADC, has reviewed Johnson's institutional records and verifies that Johnson has been housed in a one-man cell at the MSU since his transfer to the MSU on July 20, 2020. (*See* Declaration of Dexter Payne, attached to Defendants' Motion for Summary Judgment, as Exhibit "C," at ¶ 3). Payne further states that "[t]he MSU is one of the safety units in the ADC and Johnson's records do not reflect that he has been involved in any altercations with an inmate while at the MSU." *Id.*

There is no evidence of a specific threat or danger to Johnson. Shelly Byers, the ADC's Assistant Medical Services Manager, verifies that since the time Johnson suffered stab wounds on November 28, 2018, his medical records do not reflect any other injuries due to inmate altercations or assaults. (*See* Declaration of Shelly Byers, attached as Exhibit "B" to Defendants' Motion for Summary Judgment, at ¶¶ 2 & 3;

*also see* Declaration of Shelly Byers, dated September 21, 2021, attached as Exhibit "B" to Defendants' response in opposition to Plaintiff's Motion for Emergency Injunction (Doc. No. 22-2, at ¶¶ 2 & 3)).

Plaintiff alleges that he was the victim of an inmate attack at the Wrightsville Unit in November 2018 and, as a result, fears for his life; however, Johnson and Hayden Geels, the inmate who allegedly stabbed Johnson, are incarcerated at different units. (Doc. 22-1, ¶ 7). Geels is housed at the Ouachita Regional Correctional Unit. *Id*. The ADC has an Offender Separation policy, which is a "system to identify those inmates who are known enemies so that appropriate security precautions can be taken." (Ex. C, ¶ 4; *also see* AD 22-13, Offender Separation policy, attached hereto as Exhibit "C-1" to Dexter Payne's Declaration.) Payne has reviewed Johnson's Offender Separation List and in Payne's judgment, appropriate security precautions are being taken with respect to Johnson. (Ex. C, ¶ 5). Warden Shipman confirms that because Johnson and Geels are on each other's enemy alert lists, they will never be housed together or be allowed to be around one another. (Doc. No. 22-1, ¶ 7). Additionally, Shipman has confirmed that Johnson will remain in a single-man cell as long as any inmates on his enemy alert list are housed at the Maximum Security Unit. (Ex. A, ¶ 4).

Plaintiff points to no evidence to support his claim that Defendants failed to protect him or are failing to protect him. The gist of Plaintiff's allegation is that he *may* be attacked by inmates on his enemy alert list or inmates sympathetic to those on his enemy alert list. However, these allegations do not constitute evidence of a

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**MICHAEL ANDREW JOHNSON**　　　　　　　　　　　　　　**PLAINTIFF**
**ADC #110504**

CASE NO: 4:21-CV-00488-LPR-ERE

**DEXTER PAYNE, et al.**　　　　　　　　　　　　　　　**DEFENDANTS**

## DECLARATION OF SHELLY BYERS

I, Shelly Byers, being competent to testify and having personal knowledge regarding the statements contained in this declaration, do hereby state and verify the following:

1. I am the Assistant Medical Services Manager for the Arkansas Division of Correction (ADC). In this capacity, I am a custodian of, and have access to, inmate medical records.

2. I provided a Declaration in connection with the present lawsuit on September 21, 2021, in which I state that I reviewed Inmate Michael Andrew Johnson's electronic medical records and that they reflect that Inmate Johnson suffered stab wounds on November 28, 2018, while incarcerated at the Wrightsville Unit. (Doc. No. 22-2, ¶ 2). I also verified that Inmate Johnson's medical records reflect that he was seen for pain and follow-up appointments as a result of the stabbing in 2018 but that no other injuries due to inmate altercations or assaults were reflected in his records. (Doc. No. 22-2, ¶ 3).

1



I declare under penalty of perjury under the laws of the United States of America that the above information is true and correct to the best of my knowledge.

_____
James Shipman

_7/12/22_____
Date

STATE OF ARKANSAS )
COUNTY OF Jefferson )

**Objection to Lee P. Rudofsk on Summary Judgement**

### AFFIDAVIT

I, Michael Johnson, after first being duly sworn, do hereby swear, depose and state that:

Records, Enemy Alert List, well Documented Extensive Known enemy alert list? 25+ multiple Enemy Alerts? ADC Defendants are Deliberately Indifferent to my Health & Safety a violation of my Constitutional Rights?

[D]eliberate Indifference includes something more but less than Actual intent to harm; It Requires Proof of Reckless disregard to Known Risk. Defendants, James Shipman Knows I'm not safe in General Population with 4 Enemies, Mr Shipman Knows Aryans Gangs' Previously stabbed me Almost to death on 11-28-18 Wrightsville Unit? All Defendants fail to protect me why? All I request is to Removed Away from enemy alerts on current file Around me? or to Remain in Restrictive Housing until I Go home?

[If Eighth Amendment plaintiff presents evidence that a substantial Risk of Inmate Attacks, Long Standing, Pervasive, well Documented or expressly noted by Prison Defendants in the Past, And the circumstances suggest that Defendants Official being have been exposed to Information Concerning the Risk and thus must have Known About it, then such evidence could be sufficient to permit a trier of fact to find that Defendants' have Actual Knowledge of Risk? This "Risk is obvious" Check Enemy Alert List? There is a material fact as to wheather Defendants' are deliberate Indifferent to "Obvious Risk of violence Placing me in General

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

9-9-22
DATE

Michael Johnson
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this 9th day of September, 2022



KARMA THORN
No. 1271534
JEFFERSON COUNTY
Commission Expires 7-08-2031

NOTARY PUBLIC
MY COMMISSION EXPIRES: July 8, 2031

**Johnson v. Payne**
United States District Court, E.D. Arkansas, Central Division.    September 29, 2021    Slip Copy    2021 WL 4895323    *(Approx. 2 pages)*

2021 WL 4895323
Only the Westlaw citation is currently available.
United States District Court, E.D. Arkansas,
Central Division.

Michael Andrew **JOHNSON** ADC #110504, Plaintiff
v.
Dexter **PAYNE**, et al., Defendants

NO. 4:21-cv-00488-LPR-ERE
Signed 09/29/2021

### Attorneys and Law Firms

Michael Andrew **Johnson**, Tucker, AR, Pro Se.

Patricia V. Bell, Arkansas Attorney General's Office, Little Rock, AR, for Defendants **Dexter Payne**, William Straughn, Benny Magness, Jared Byers, Claudia Harris, Jeffery Deen, Shipman, Shelby Houston, Andy Shock, Wendy Kelley.

#### PARTIAL RECOMMENDED DISPOSITION

Edie R. Ervin, UNITED STATES MAGISTRATE JUDGE

#### I. Procedures for Filing Objections:

*1 This Recommendation has been sent to United States District Lee P. Rudofsky. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If parties do not file objections, they risk waiving the right to appeal questions of fact. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record.

#### II. Background:

Plaintiff Michael Andrew **Johnson**, an Arkansas Division of Correction (ADC) inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2.* Mr. **Johnson** alleges that Defendants **Dexter Payne**, William Straughn, Benny Magness, Jared Byers, Claudia Harris, Jeffery Dean, James Shipman, Shelby Houston, Andy Shock, and Wendy Kelley have acted with deliberate indifference to his safety. He explains that Defendants have allowed him to remain housed at the Maximum Security Unit where many of the inmates on his enemy alert list are housed. He states that, after he was the victim of an inmate attack at the Wrightsville Unit in November 2018, he fears for his safety. He requests: (1) monetary damages from Defendants; and (2) to be assigned to protective custody at an ADC Unit where inmates on his enemy alert list are not housed.

Pending before the Court is Mr. **Johnson's** third "motion for an emergency injunction," filed on September 28, 2021. *Doc. 33.* Mr. **Johnson's** motion is a continuation of his first two motions for emergency injunctive relief. *Docs. 8, 27.* On September 24, 2021, the Court entered a Partial Recommended Disposition recommending that Mr. **Johnson's** first two motions for emergency injunctive relief be denied. *Doc. 31.*[1]

#### III. Conclusion:

For the detailed reasons stated in the pending Recommendation (*Doc. 31*) which is incorporated herein by reference, the Court recommends that Mr. **Johnson's** third motion for preliminary injunctive relief (*Doc. 33*) also be DENIED.

### All Citations

Slip Copy, 2021 WL 4895323

### Footnotes

1     Mr. **Johnson** has filed objections to the pending Recommendation. *Doc. 34.*

**End of Document**      © 2022 Thomson Reuters. No claim to original U.S. Government Works.

## UNIT LEVEL GRIEVANCE FORM (Attachment I)

Unit/Center **Maximum Security**
Name **Michael Johnson**
ADC# **110509**   Brks # **19 West**   Job Assignment **R.H.**

| FOR OFFICE USE ONLY |
|---|
| GRV. # _____ |
| Date Received: _____ |
| GRV. Code #: _____ |

**5-3-21** (Date) STEP ONE: Informal Resolution

_____ (Date) STEP TWO: Formal Grievance (All complaints/concerns should first be handled informally.) If the issue was not resolved during Step One, state why: _____

_____, (Date) EMERGENCY GRIEVANCE (An emergency situation is one in which you may be subject to a substantial risk of physical harm: emergency grievances are not for ordinary problems that are not of serious nature). If you marked yes, give this completed form to the designated problem-solving staff, who will sign the attached emergency receipt. In an Emergency, state why: _____

Is this Grievance concerning Medical or Mental Health Services? ____ If yes, circle one: medical or mental
**BRIEFLY** state your one complaint/concern and be specific as to the complaint, **date**, place, name of personnel involved and how you were affected. (Please Print): Failure to Correct the (Failure to protect) is the subject of this grievance giving knowledge to Dexter Payne, William Straughn, John & Jane Does of the Compliance office, Parole Board, Board of Corrections, Benny Magness, Jared Byers, Claudia Harris, and Major Dew. This failure is causing severe mental anguish by causing me to have nightmares, cold sweats, panic attacks in constant fear by being housed at a unit were there is three known enemies on my enemy alert list. This display of actions places my life in danger that's causing me severe emotional trauma and shows the individuals named herein deliberate indifference to my safety. I feel that the people name herein is putting my life in direct danger or retaliation for purposes.

**Michael Johnson**   **5-3-21**
Inmate Signature   Date

*If you are harmed/threatened because of your use of the grievance process, report it immediately to the Warden or designee.*

### THIS SECTION TO BE FILLED OUT BY STAFF ONLY

This form was received on **5/3/21** (date), and determined to be **Step One** and/or an Emergency Grievance ____ (Yes or No). This form was forwarded to medical or mental health? ____ (Yes or No). If yes, name of the person in that department receiving this form: _____ Date _____

**M Walker**   **8283**   [signature]   **5/3/21**
PRINT STAFF NAME (PROBLEM SOLVER)   ID Number   Staff Signature   Date Received

Describe action taken to resolve complaint, including dates: _____

_____
Staff Signature & Date Returned     Inmate Signature & Date Received
This form was received on _____ (date), pursuant to **Step Two**. Is it an Emergency? ____ (Yes or No).
Staff Who Received Step Two Grievance: _____ Date: _____
Action Taken: _____ (Forwarded to Grievance Officer/Warden/Other) Date: _____
If forwarded, provide name of person receiving this form: _____ Date: _____

**DISTRIBUTION: YELLOW & PINK** - Inmate Receipts; **BLUE** - Grievance Officer; **ORIGINAL** - Given back to Inmate after Completion of Step One and Step Two.

ADCF-15

Michael Johnson ADC# 110509
Maximum Security Unit
2501 State Farm Road
Tucker, ARK.
72168



CERTIFIED MAIL
7022 0410 0002 3037 5064

NEOPOST
03/09/2023
US POSTAGE $009.74
ZIP 72168
041M11298844



Legal Mail
M Johnson
3-7-23
EMERGENCY

Honorable Lee P. Rudofsky
Richard Sheppard Arnold United States Courthouse
C 244
600 W. Capitol Avenue
Little Rock, ARK.
72201